# THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROY BROOKS, JR.** | * |
| **Plaintiff** | * |
| | * C/A NO. 12-863 |
| **VERSUS** | * JUDGE: |
| **OCEANNERRING INTERANTIONAL, INC.** | * MAG. JUDGE: |
| **Defendants** | * |

*******************************************************************************

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Petitioner, **Roy Brooks, Jr.**, a person of the age of majority and resident of the State of Texas, who respectfully represents as follows:

### I.

Made Defendant herein is:

A. **Oceaneering International, Inc.**, (Hereinafter referred to as "Oceaneering"), a corporation domiciled in the State of Delaware and authorized to do and doing business within the State of Louisiana, and the jurisdiction of this Court.

### II.
### Venue

Venue is proper as the transaction or occurrence occurred within the eastern district of Louisiana and 28 U.S.C. §1333.

### III.

Petitioner, **Roy Brooks, Jr.**, asserts his cause of action against Defendant arises under

general maritime law and 46 U.S.C. §688, more commonly referred to The Jones Act.

**IV.**

At all material times mentioned herein Petitioner, Roy Brooks, Jr., was an employee of **Oceaneering**. Petitioner further alleges that at all pertinent times herein, he was a seaman and member of the crew of a motor vessel on the open seas.

**V.**

On or about January 20, 2010, Petitioner, **Roy Brooks, Jr.**, was employed by Defendant aboard the M/V Ocean Intervention I.

**VI.**

On or about January 20, 2010, the M/V Ocean Intervention I was off the coast of Louisiana and Petitioner, **Roy Brooks, Jr.**, had worked the night shift. Petitioner's shift ended and he went to retire to his bunk. Due to additional crew members on board, Petitioner had to transfer out of the bunk he had been using.

**VII.**

The only bunk available to Petitioner was an upper bunk with approximately two feet (2') of head room. Access to this upper bunk was obtained through use of a ladder with hooks onto the frame of the bed. This ladder did not extend all the way to the floor and instead slid freely along the side railing of the bed. While attempting to get out of bed to use the restroom, Petitioner stepped on the ladder which slid from under Petitioner causing him to fall from the ladder.

**VIII.**
**First Cause of Action**

The ladder used to access the upper bunk, in which Petitioner was required to sleep, posed an

unreasonable risk of harm and an unreasonably dangerous condition in that the ladder was prone to slip and slide from under Petitioner while using it for its intended purpose. The ladder was unstable and did not provide a safe means for Petitioner to get out of the upper bunk he was assigned. Petitioner submits that the ladder is an appurtenance of the vessel and as such, the condition of the ladder constitutes an unseaworthy condition of the vessel.

## IX.

Petitioner alleges as a seaman and a member of the crew of a vessel, the Defendant owed him the warranty of seaworthiness under general maritime law and that the M/V Ocean Intervention I was in fact unseaworthy at the time of the incident complained on herein, and that said unseaworthy condition caused, or contributed, to Petitioner's injuries.

## X.

Petitioner alleges that said vessel, and its appurtenances, were not reasonably fit for their intended purpose due to the following non-exclusive unseaworthy conditions:

   a. Maintaining ladder access to the bunk with a dangerous and hazardous condition specifically, a ladder which had a tendency to slide out from underneath its users;

   b. Having inadequate equipment; and

   c. Having inadequate warnings.

## XI.

Petitioner avers that the vessel and appurtenant structures were unseaworthy and said unseaworthy condition was a cause of Petitioner's accident and injuries.

## XII.
### Second Cause of Action

Petitioner avers that Defendant was negligent and/or liable for said negligence under 46

U.S.C. §688 in the following but not limited respects:

    a.      Creating an unreasonable risk of harm;

    b.      Failing to rectify an unseaworthy, dangerous and hazardous condition;

    c.      Failing to rectify an unreasonable risk of harm;

    d.      Failing to warn of an unseaworthy, dangerous and hazardous condition;

    e.      Failing to warn of an unreasonable risk of harm;

    f.      Maintaining and creating an unseaworthy, dangerous and hazardous condition; and

Failing to warn of the unreasonably dangerous nature of the condition.

## XIII.

Petitioner alleges the injuries he sustained were caused through no fault of his own but were proximately caused by the negligence, fault and breach of duty of Defendant.

## XIV.
### Third Cause of Action

Petitioner further alleges that as a seaman and a member of the crew of the vessel, he is entitled to maintenance and cure and found until such time as he reaches maximum medical improvement. Petitioner avers that he is entitled to additional cure for the injuries his face and teeth.

## XV.
### Fourth Cause of Action

Petitioner avers that within one (1) week of the incident, his employment was arbitrarily terminated based on his complaint regarding the conditions of the vessel and in retaliation for urging a claim for maintenance and cure.

## XVI.

As a result of the incident reference herein, Petitioner suffered serious and permanent injuries

to his face and teeth.

## XVII.

Petitioner itemizes his damages as follows:

a. Expenses past and future;

b. Physical pain and suffering;

c. Mental pain and anguish;

d. Maintenance;

e. Cure; and

f. Found.

## XVIII.

**WHEREFORE**, Petitioner prays that the Defendant be summoned to appear and answer this Complaint and that after due proceedings are had, there be judgment herein in favor of Petitioner, **Roy Brooks, Jr.**, and against Defendant, **Oceaneering**, in a sum adequate to compensate him for his damages. Petitioner further prays for pre-judgment interest, legal interest, all costs of these proceedings, and all general and equitable relief.

Respectfully submitted,

*/s/ Marc L. Frischhertz*
Lloyd N. Frischhertz, (#29194)
**Marc L. Frischhertz, (#5749)**
FRISCHHERTZ, POULLIARD,
FRISCHHERTZ, & IMPASTATO, L.L.C.
1130 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 523-1500
Facsimile: (504) 581-1670

**PLEASE ISSUE WAIVER OF SERVICE OF SUMMONS TO:**

**Oceaneering International, Inc.**
Through its agent for service of process
C T Corporation System
5615 Corporate Boulevard, Suite 400B
Baton Rouge, LA 70808